# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| BRANDON FORD, ID # 1539859,    ) | |
|     Plaintiff,    ) | |
| vs.    ) | No. 3:10-CV-0390-L-BH |
|         ) | |
| ELLIS REGISTER,    ) | |
|     Defendant.    ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## AND ORDER DENYING MOTION

Pursuant to a *Standing Order of Reference* dated April 14, 2010, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are *Defendant Ellis Register's ("Defendant") First Motion for Summary Judgment* (Mot., (Doc. 40), filed on September 23, 2010 and *Plaintiff Brandon Ford's ("Plaintiff") Motion for Leave to File an Amended Complaint* (Mot. For Leave, Doc. 45), received on October 5, 2010. Based on the relevant filings and applicable law, Defendant's *Motion for Summary Judgment* should be **GRANTED,** and Plaintiff's *Motion for Leave* is hereby **DENIED**.

### I. BACKGROUND[1]

Plaintiff, a former inmate in the Dallas County Jail and current inmate in the Texas prison system, filed this action under 42 U.S.C. § 1983 on or about February 24, 2010.[2] In his sworn amended complaint filed on April 14, 2010, he alleged that while he was being held in protective custody in the North Tower of the Dallas County Jail on March 14, 2008, Defendant entered his cell

---

[1] The Court only sets out the background relevant to the motions and defendant currently before it.

[2] Plaintiff also named Brad Livingston, Executive Director of TDCJ, as a defendant in his original and amended complaints. (Doc. 1, Doc. 8.) In response to a Magistrate Judge's Questionnaire issued on April 20, 2010, Plaintiff amended his complaint to proceed only against Defendant Register. (Doc. 13, at 1.)

while he was sleeping, woke him up, and forced him to engage in sexual conduct against his will. (Am. Compl. at 1.) Plaintiff also alleged that he fractured his right ring finger and right little finger while attempting to fight off Defendant during the attack. (*Id.* at 2) Plaintiff also alleged that Defendant wrote him several notes asking for sexual favors. (Ques. at 3.) Plaintiff contends that Defendant's conduct violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution, and he seeks monetary damages of $190,000. (Am. Compl. at 2.)[3] On September 23, 2010, Defendant moved for summary judgment on Plaintiff's claims against him. (Mot. at 1.) Plaintiff filed a response, Defendant filed a reply, and the issues are now ripe for consideration.[4]

## II. MOTION FOR SUMMARY JUDGMENT

Defendant moves for summary judgment on Plaintiff's claims that Defendant violated his constitutional rights while he was a pretrial detainee in the Dallas County Jail in violation of 42 U.S.C. § 1983. (Mot. at 3-6; Mot. Br. at 1-7.)

**A.  Summary Judgment Standard**

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material."

---

[3] The verified answers to the questionnaire constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). Because the amended complaint and answers are verified under penalty of perjury, they may serve as competent summary judgment evidence "to the extent that [they] comport with the requirements of Fed. R. Civ. P. 56(e)." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *accord Barnes v. Johnson*, 204 F. App'x 377, 378 (5th Cir. 2006) (per curiam).

[4] Plaintiff has filed an unauthorized surreply. (Doc. 79.) The local rules of this Court "do not allow surreplies as a matter of course." *Tobias v. Price*, 2009 WL 3681981, at *4 n.6 (N.D. Tex. Nov. 4, 2009). Since Plaintiff has not sought leave to file his surreply, "it will not be considered." *Neely v. Khurana*, 2009 WL 1605649, at *3 n.4 (N.D. Tex. June 5, 2009). Even if considered, the surreply would not affect these findings or recommendation.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990). However, the courts have no obligation under Fed. R. Civ. P. 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

**B.     Exhaustion of Administrative Remedies[5]**

Defendant seeks summary judgment on Plaintiff's § 1983 claims based on his alleged failure to exhaust his administrative remedies. (Mot. at 3-6; Mot. Br. at 1-7.)

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999). Section 1983 reaches only those injuries caused by persons acting under color of state law. *Dahl v. Akin*, 630 F.2d 277, 281 (5th Cir. 1980).

---

[5]Defendant also moves for summary judgment on grounds of qualified immunity. (Brief at 1-4, Doc. 41.) Because summary judgment is proper based on lack of exhaustion, the Court need not reach the qualified immunity issue.

A prisoner must fully exhaust administrative remedies before pursuing a § 1983 action concerning prison conditions. No action shall be brought with respect to prison conditions under § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996 ("PLRA"). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion under the PLRA is mandatory, and the requirement is strictly construed. *See Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003) (per curiam);[6] *Garrett v. Partin*, 248 Fed. App'x 585, 586 (5th Cir. 2007) (per curiam). Exhaustion is a prerequisite to suit even when the prisoner seeks relief not available in grievance proceedings, such as money damages. *See Booth v. Churner*, 532 U.S. 731, 740-41 (2001).

An inmate at the Dallas County Jail must follow the following two-step administrative procedures in order to exhaust in accordance with § 1997e(a):

> The first step requires the prisoner to submit a grievance to any staff member. After noting the date and time the grievance is received, the staff member will forward the grievance to the on-duty shift supervisor, who will in turn forward it to the Grievance Board for review. After review and an investigation, if necessary, the Grievance Board will issue a written decision. Upon receiving the written decision, the inmate will have five days to submit a written appeal to the Inmate Grievance Appeal Board. The Appeal Board will review all documents submitted in connection with the appeal and issue a decision, which may be reviewed by the Sheriff.

---

[6] *Days* was overruled by implication by *Jones v. Bock*, 549 U.S. 199 (2007). *See Gordon v. Pettiford*, 271 Fed. App'x 464, 464 (5th Cir. 2008) (per curiam) (noting such overruling). *Jones* also implicitly overruled *Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1998). *See Richbourg v. Horton*, No. 08-10443, 2008 WL 5068680, at *1 (5th Cir. Dec. 2, 2008) (per curiam). As recognized respectively in *Gordon* and *Richbourgh*, both *Days* and *Wendall* remain good law to the extent *Jones* did not implicitly overrule them. No case is being cited herein for any proposition that has been implicitly overruled by *Jones*.

*See Medrano v. Dallas County Jail Med. Staff*, No. 3:04-CV-1913-M, 2005 WL 106573, *2 (N.D. Tex. Jan. 18, 2005) (recommendation of Mag. J. citing *Burnett v. Robertson*, No. 3-01-CV-1284-P, 2001 WL 1577495, *2 (N.D. Tex. 2001)), *accepted as modified by* 2005 WL 877925 (N.D. Tex. Apr. 14, 2005). (*Accord* Defs.' App. at 224-29 (setting out jail's grievance procedure).) When the prison provides a two-step procedure, an inmate must pursue his grievance at both steps in order to exhaust his administrative remedies. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (addressing two-step procedure in the Texas prison system rather than at a county jail).

Failure to exhaust administrative remedies under the PLRA is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 ( 2007); *Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007). Defendant therefore has the burden on summary judgment to establish that Plaintiff did not make use of the available administrative remedies at the Dallas County Jail. *See Crescent Towing & Salvage Co., Inc. v. M/V Anax*, 40 F.3d 741, 744 (5th Cir. 1994) (affirmative defense requires the movant on summary judgment to establish each element of defense as a matter of law) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (where the movant bears the burden of proof on an issue, he must establish all of the essential elements of a claim to warrant judgment in his favor).

To meet his burden, Defendant asserts that Plaintiff only filed one grievance while in the Dallas County Jail. (Mot. Br. at 5-6.) In this grievance, filed on July 21, 2008, Plaintiff complained that he had not been afforded adequate time to visit the jail law library in connection with his pending state criminal case and requested assistance with gaining access to the law library. (Mot. Br. at 5-6; App. at 304.) On July 22, 2008, the Inmate Grievance Board denied Plaintiff's grievance. (Mot. Br. at 6; App. 307-08.) Defendant points to an absence of any grievances in the administrative record other than the one filed on July 21, 2008. (Mot. at 9.) Defendant also contends that the

complaint Plaintiff allegedly filed with IAD would not alone be sufficient to satisfy the exhaustion requirements. (Mot. Br. at 6.) *See Castro v. Crowfoot*, No. 03-11233, 2003 WL 227108242, at *1 (5th Cir. 2004); *see also Crain v. Prasifha*, 97 S.W.3d 867, 870 (Tex. App.—Corpus Christi 2002, pet. denied) (Step 2 grievance still mandatory even though Step 1 grievance forwarded to the IAD). By pointing the Court to the absence of any grievances relating to the claims at issue, Defendant met his initial summary judgment burden to show there is no genuine issue of material fact that Plaintiff failed to exhaust his administrative remedies. *See Celotex Corp.*, 477 U.S. at 323-25.

The burden now shifts to Plaintiff to direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324. In his response, Plaintiff does not dispute that he failed to file either a Step 1 grievance with the Inmate Grievance Board or a Step 2 grievance with the Inmate Grievance Appeal Board arising from Defendant's alleged sexual assault.[7] (Resp. at 5.) He argues instead that filing a Dallas County Jail internal grievance would have been futile because he had already filed a grievance with Dallas County Sheriff's Office IAD. (Resp. at 2-3.) There is no "futility" exception to the PRLA, however. *See Massey*, 221 F.3d at 1034. Plaintiff also argues that Defendant's actions constitute a criminal act that is not an "ordinary incident of incarceration grievable (sic) through the 'simple' internal grievance procedure." (Resp. at 2.) Claims that the available procedures are inadequate or overly complicated are insufficient to excuse the exhaustion requirement. *See Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir. 2003). Plaintiff also contends that he was unable to file a Step 2 grievance because IAD never answered or forwarded his grievance. (Resp Br. at 2.) He admits, however, that the IAD officers expressly instructed him to file a grievance. (Mot. For Leave at 5.)

---

[7] In his response to the motion for summary judgment, Plaintiff admits that the Dallas County Jail documents including his grievance file, are true and correct. (Resp. at 5)

7

When a prisoner fails to exhaust his administrative remedies prior to filing suit without a valid excuse, a court properly dismisses the action without prejudice to its refiling after the prisoner exhausts his administrative remedies. *See Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998). The court does not "inquire whether administrative procedures satisfy minimum acceptable standards of fairness and effectiveness"; prisoners simply "must exhaust such administrative remedies as are available, whatever they may be." *Alexander*, 351 F.3d at 630 (citations and internal quotation marks omitted). Furthermore, substantial compliance with administrative procedures is insufficient to permit pursuit of a federal lawsuit. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Unless the prisoner pursues his "grievance remedy to conclusion", he has not exhausted "available remedies." *Id.*

Because Plaintiff has not met his summary judgment burden to identify a genuine issue of material fact as to whether he exhausted his administrative remedies, the Court should grant Defendant's motion and dismiss Plaintiff's federal claims against him without prejudice to their refiling after exhaustion.

### III. MOTION FOR LEAVE TO AMEND

Plaintiff seeks leave under Fed. R. Civ. P. 15 to amend his amended complaint[8] to plead additional facts and to completely amend the relief section of his complaint. (Mot. at 1, Doc. 40.)

Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be

---

[8]Although Plaintiff refers to his current complaint as the "original complaint", he was granted leave to file an amended complaint on April 14, 2010, and the amended complaint was filed on that same date.

8

denied unless there is a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Here, Local Rule 15.1 provides that when a party files a motion for leave to file an amended pleading, the party must attach a copy of the proposed amended pleading to the motions. The party must also separately provide an original signed copy of the proposed amended pleading and a judge's copy. Plaintiff failed to file a signed copy of the proposed amended pleading and instead appears to be attempting to incorporating portions of the complaint as supplemental and portions as an amendment to his amended complaint. Courts may deny leave to amend on procedural infirmities alone. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 798 (N.D. Tex. 2005) (recommendation accepted by District Court). Because Plaintiff did not comply with the local rule, his October 5, 2010 motion for leave to file an amended complaint may be denied on this basis.

Moreover, in his motion for leave to amend, Plaintiff indicates that he "wishes to preserve his original pleading"and seeks leave to include additional factual detail and additional monetary relief, but he does not seek leave to assert any additional claims. (Mot. Leave) Because the record is clear that Plaintiff failed to exhaust his administrative remedies, he would still be unable to demonstrate exhaustion of administrative remedies even if allowed to amend to include additional facts and seek additional relief, and any amendment would be futile. *See Wilson v. Boise*, 252 F.3d 1356, 2001 WL 422621, at * 2-3 (5th Cir. 2001); *see also Carney v. Christiansen*, 375 F.App'x 494,

497 (6th Cir. 2010); *Givens v. Cate*, 362 F.App'x 620, 621 (9th Cir. 2010); *Gould v. Owens,* 383 F.App'x 863, 867 (11th Cir. 2010). Accordingly, Plaintiff's motion for leave is also **DENIED** based on futility.

## IV. RECOMMENDATION

*Defendant Register's First Motion for Summary Judgment*, filed on September 23, 2010, should be **GRANTED** as to Plaintiff's claims against Defendant, and these claims should be dismissed without prejudice.

**SO RECOMMENDED** on this 23rd day of December, 2010.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE