IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRANDON FORD, ID# 1539859**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:10-CV-0390-L** |
| | § | |
| **ELLIS REGISTER**, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Before the court are the Findings, Conclusions, and Recommendation and Order Denying Motion of the United States Magistrate Judge ("Report"), filed December 23, 2010; and Plaintiff's Motion for Extension of Time to File a Response to "Findings, Conclusions, and Recommendations" by Magistrate Judge, filed January 11, 2011. Plaintiff filed objections on January 21, 2011.[*]

This is a *pro se* civil rights action. Plaintiff Brandon Ford ("Ford" or "Plaintiff"), a former inmate in the Dallas County Jail and a current prisoner in the Texas prison system, filed this suit under 42 U.S.C. § 1983 on February 24, 2010. Ford alleges that while he was being held in protective custody in the North Tower of the Dallas County Jail on March 14, 2008, Defendant Ellis Register ("Defendant" or "Register") entered his cell and forced him to engage in sexual contact against his will. On September 23, 2010, Defendant moved for summary judgment on Plaintiff's claims.

---

[*]Plaintiff titled his objections as "Motion for Leave to File Objections to the Findings, Conclusions, and Recommendations by Magistrate Judge Motion for Leave to File Out of Time Surreply Motion for Leave to file Amended Complaint for Reconsideration Motion for Leave to File Motions to Compell (sic) Discovery." The court construes the motion as objections to the Report.

**Order- Page 1**

The magistrate judge concluded that Defendant submitted competent evidence to establish that Plaintiff failed to fully exhaust the administrative remedies before pursuing a section 1983 action concerning prison conditions and, thus, there is no genuine issue of material fact in the case. Consequently, the magistrate judge recommended that the court grant Defendant's summary judgment motion and dismiss all claims against him without prejudice.

Plaintiff's Motion for Extension of Time to File a Response to "Findings, Conclusions and Recommendations" by Magistrate Judge ("Motion for Extension") was received and filed on January 7, 2011; and his Motion for Leave to File Objections was received and filed on January 18, 2011. Plaintiff sought an extension of 30 days to file his objections. As the magistrate's findings were issued on December 23, 2010, the objections were due on January 6, 2011.

Under Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts, "[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last date day for filing." Here, the court cannot precisely determine when Plaintiff placed his Motion for Extension in the prison's internal mailing system. In any event, the court has encountered several cases in which a prisoner's mail was placed in the prison's internal mailing system on the day of the filing deadline, and the mail was not postmarked until several days after being placed in the internal mailing system. Given the court's past experience with delay between the time of placing the letter in the internal mailing system and the actual date the mail was postmarked, it will give Plaintiff the benefit of the doubt and deem his Motion for Extension as timely. Accordingly, the court retroactively **grants** Plaintiff a fourteen-day extension to file his objections. As the objections were filed on January 18, 2011, they are deemed timely. After reviewing Plaintiff's objections, the court determines that Plaintiff's objections are without merit. Consequently, the court **overrules** Plaintiff's objections.

Having reviewed the pleadings, file, and record in this case, and the Report, the court determines that the findings and conclusions are correct. They are therefore **accepted** as those of the court. Accordingly, the court **dismisses without prejudice** this action.

**It is so ordered** this 31st day of January, 2011.

Sam A. Lindsay
United States District Judge